**UNITED STATES DISTRICT COURT**
**OF THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE APPLICATION OF FOREIGN LITIGANT FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No.: |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION AND PETITION**
**OF FOREIGN LITIGANT FOR AN ORDER TO TAKE DISCOVERY**
**<u>FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782</u>**

Cooper T. Hahn, Esq.
Bar Number: OBA #32788
Mason J. Schwartz, Esq.
Bar Number: OBA #32864
Willams, Box, Forshee & Bullard, PC
522 Colcord Drive
Oklahoma City, OK 73102
T: 405-232-0080
chahn@wbfblaw.com
mschwartz@wbfblaw.com

RongPing Wu (pro hac vice pending)
New York State Bar Number: 4242673
DGW Kramer LLP
One Rockefeller Plaza, Ste 1060
New York, NY 10020
(917) 633-6860
lwu@dgwllp.com

Katherine Burghardt Kramer (pro hac vice pending)
New York Bar Number: 4717534
DGW Kramer LLP
One Rockefeller Plaza, Ste 1060
New York, NY 10020
(917) 633-6860
kkramer@dgwllp.com
*Attorneys for Petitioner*

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 1

II. BACKGROUND FACTS............................................................................................ 3

  A. Factual Background for Fraudulent Transfer Claims.................................................. 4

  B. The Parties From Whom Discovery is Sought............................................................ 7

  C. Jurisdiction and Intradistrict Venue ........................................................................... 8

III. ARGUMENT .............................................................................................................. 8

  A. The Statutory Requirements For 1782 Discovery Are Met ....................................... 9

    1. Petitioner is an "interested" party. .......................................................................... 9

    2. Petitioner Seeks Discovery For Use in Proceedings in a Foreign or International
    Tribunal. .................................................................................................................. 11

    3. Petitioner Seeks Discovery from an Entity in This District. ................................. 13

  B. The Discretionary Factors For 1782 Discovery Are Met........................................... 13

    1. Petitioner Seeks Discovery from an Entity that Will Not be a Participant in the UK
    Proceeding and is Outside the Jurisdictional Reach of the High Court of England and
    Wales. ....................................................................................................................... 14

    2. The High Court of England and Wales is Receptive to Assistance from U.S.
    Courts........................................................................................................................ 15

    3. Seeking Discovery in this Manner is Not an Attempt to Circumvent Foreign16
    Proof-Gathering Restrictions or Policies. ................................................................ 16

    4. Petitioner's Discovery Requests are Reasonable and Not Unduly Intrusive or
    Burdensome. ............................................................................................................. 17

  C. Ex Parte Discovery is Key to Petitioner's Application .............................................. 18

IV. CONCLUSION ........................................................................................................... 188

# TABLE OF AUTHORITIES

## Cases

*Air Century, S.A. v. Atlantique Air Assistance*, No. CIV-08-1324-D, 2010 U.S. Dist. LEXIS 41721 (W.D. Okla. Apr. 28, 2010) .................................................................. 2

*In re Letter of Request from Crown Prosecution Service*, 870 F.2d 686  (D.C. Cir. 1989) ............................................................................................................................ 12

*In re Pallares*, Civil Action No. 10-cv-02528-PAB, 2010 U.S. Dist. LEXIS 115240 (D. Colo. Oct. 20, 2010) .......................................................................................... 17

*In re Risenhoover*, No. CIV-12-0540-D, 2012 U.S. Dist. LEXIS 162605 (W.D. Okla. Nov. 14, 2012) ................................................................................................... 1, 11

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ........................... passim

*Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*, Civil Action No. 13-cv-02096-MSK-KLM, 2013 U.S. Dist. LEXIS 147186 (D. Colo. Oct. 9, 2013) ..... 16

*Salt Mobile S.A. v. Liberty Glob., Inc.*, No. 20-mc-00153-CMA, 2021 U.S. Dist. LEXIS 108701 (D. Colo. June 10, 2021) .......................................................................... 13, 15

*Westjest Airlines, Ltd. v. Lipsman*, Civil Action No. 15-mc-00174-MSK-KMT, 2015 U.S. Dist. LEXIS 155228 (D. Colo. Nov. 17, 2015) ................................................................. 1

## Statutes and Rules

28 U.S.C. § 1782(a) .................................................................................... 1, 8, 9, 18

Fed. R. Civ. P. 26(c) ................................................................................................ 1

Fed. R. Civ. P. 45(c)(3) ............................................................................................ 1

## Other Authorities

Insolvency Act of 1986 ....................................................................................... 10, 12

## I. INTRODUCTION

This application seeks an order permitting discovery for use in foreign proceedings under 28 U.S.C. § 1782 (the "**Application**"). Section 1782 permits a district court to order a person "who resides or is found" in the district to provide discovery "for use in a proceeding in a foreign or international tribunal" upon "application by any interested person." 28 U.S.C. § 1782(a). Importantly here, as discussed at greater length *infra*, *ex parte* consideration is proper because it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. *See, e.g., In re Risenhoover*, No. CIV-12-0540-D, 2012 U.S. Dist. LEXIS 162605, at *3 (W.D. Okla. Nov. 14, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to section 1782."); *Westjest Airlines, Ltd. v. Lipsman*, Civil Action No. 15-mc-00174-MSK-KMT, 2015 U.S. Dist. LEXIS 155228, at *5 (D. Colo. Nov. 17, 2015) ("Ex parte applications for judicial assistance under Section 1782 are permissible because persons subject to Section 1782 subpoenas may file a motion to quash or modify the subpoena under the Fed. R. Civ. P. 45(c)(3) or may seek a protective order under Fed. R. Civ. P. 26(c).").

Petitioner is Hangzhou Biaoba Trading Co., Ltd. (the "**Petitioner**"), a company organized under the laws of the People's Republic of China (the "**PRC**") and engaged in the business of providing working capital and equity investments.

To assist them in pursuing claims and remedies in a pending foreign action, Petitioner now seeks discovery under Section 1782. Petitioner seeks an order authorizing them to serve a *duces tecum* subpoena on Insured Aircraft Title Services, LLC ("**IATS**").

IATS is headquartered in Oklahoma City, OK, and IATS's principal place of business is in Oklahoma. *See* Exhibit 1 to Declaration of Rongping Wu ("**Wu Decl.**") (website for IATS); *see also Air Century, S.A. v. Atlantique Air Assistance*, No. CIV-08-1324-D, 2010 U.S. Dist. LEXIS 41721, at *2 (W.D. Okla. Apr. 28, 2010) ("IATS is a citizen of Delaware, where it was incorporated, and Oklahoma, where it has its principal place of business."). On its website, IATS claims to be "the world's leading aircraft title and escrow company." *See* Wu Decl., Ex. 1.

Petitioner has filed a proceeding (the "**UK Proceeding**") in the High Court of England and Wales (the "**UK Court**"), with claims against a debtor named Kei Kin Hung for the enforcement and recognition of a foreign judgment and for the issuance of a Freeze and Disclosure Order. In addition, Petitioner has reasonably contemplated additional claims, including claims for avoidance of fraudulent transfers and civil conspiracy. Petitioner also has a reasonably contemplated claim for tortious violation of rights in a judgment debt in the UK Proceeding. *See* Wu Decl., ¶ 2. The UK Proceeding is ongoing.

In connection with the UK Proceeding, Petitioner has been investigating the assets and transfers of Kei and entities under his control. As part of that investigation, Petitioner has identified an aircraft (the "**Aircraft**") that appears to have been fraudulently conveyed to a third party to frustrate Petitioner's pursuit of Kei and others liable under the judgment.

Based on transaction records for this Aircraft, IATS appears to have served as agent for Megastar Investments, Ltd. ("**Megastar**") in its acquisition of the Aircraft in or about March 2019. *See* Wu Decl., Exhibit 2. As set forth further below, this acquisition by Megastar appears to have been a fraudulent transfer from an entity under Kei's ownership

or control with the purpose or effect of hindering Petitioner's ability to collect on its judgment, and therefore information about this transfer to Megastar is relevant to Petitioner's claims in the pending UK Proceeding.

The statutory requirements for Section 1782 discovery are met here because: (1) Petitioner is an "interested person" as it is a party to the pending UK Proceeding for which discovery is sought; (2) Petitioner seeks discovery for use in the UK Proceeding, which is a pending adjudicative proceeding before a foreign or international tribunal; and (3) the Respondent either resides, or can be found, within this district, as its principal place of business is in this district.

The discretionary factors for Section 1782 discovery are also met here because: (1) Petitioner seeks discovery from an entity who is not party to the foreign proceeding; (2) the High Court of England and Wales is certainly receptive to assistance from U.S. courts; (3) the requested discovery is not an attempt to circumvent foreign proof-gathering policies; and (4) the requested discovery is not unduly burdensome upon the Respondent.

## II. BACKGROUND FACTS

Because this is a limited proceeding to obtain discovery for use in a foreign proceeding, the merits of the underlying dispute are not at issue. However, determining that the factors for Section 1782 discovery have been satisfied requires a brief understanding of the underlying issues and nature of the disputes at hand. The following summary is based on the facts and circumstances of the underlying dispute at issue, which summary is supported by the accompanying Petitioner's Declaration ("**Petitioners' Decl.**")

with exhibits, as well as the documents attached to the accompanying Wu Declaration, Petitioner's counsel in this matter.

## A. Factual Background for Fraudulent Transfer Claims

Petitioner is a company incorporated under the laws of the PRC with its principal office located at 1-3 Floor, Building 2, No. 1216, Danonggang Road, Jianggan District, Hangzhou City, Zhejiang Province, PRC.   Kei Kin Hung, f/k/a Qi Jianhong (the "**Transferor**" or "**Kei**") is a citizen of the PRC and also the holder of a Hong Kong permanent identity card.   His registered residence in the PRC was No. 206, Building 27, No.55 Ande Road, Dongcheng District, Beijing City, PRC.   However, after changing his name in or about mid-2020, Transferor moved to Hong Kong and took up residence at No. 99, Sha Tin Tau New Village District 6, Shatin, New Territories, Hong Kong.   Between May and June 2018 Transferor entered into two personal loan agreements (the "**Loans**") with a third-party lender who ultimately transferred its rights under the Loans to Petitioner on January 7, 2019 (the "**Debt Transfer Agreement**").   *See* Petitioner's Decl., ¶ 4. Repayment of the Loans was guaranteed by the execution of separate Guaranties by Beijing Sparkle Investment Co., Ltd., and Yaolai Culture Industry Co., Ltd. *Id.* The Loans further provided that the principal of the Loans was to be deposited into a bank account at Bank of Communications Co., Ltd., held by Beijing Sparkle Investment Co., Ltd. *Id.* The Transferor is the ultimate beneficial owner of Beijing Sparkle Investment Co., Ltd., and Yaolai Culture Industry Co., Ltd. (the "**Guarantors**"), by virtue of his beneficial ownership of Sparkle Roll Holdings Limited which flows from his 48.15% ownership

4

interest in Sparkle Roll Group Limited (the "**Guarantor Parent**" or "**Sparkle Group**").
*Id.*

In summary, Petitioner has evidence to show that Transferor has made fraudulent transfers to the detriment of Petitioner, which are actionable in the UK Proceeding. Petitioner is now taking steps to pursue claims against Transferor in England as a result. One of the fraudulent transfers involves the Aircraft, and therefore Petitioner seeks additional information regarding the Aircraft and its transfer to Megastar.

The facts and circumstances giving rise to Petitioner's judgment are briefly recounted here. On April 3, 2019, Petitioner filed a lawsuit in the People's Court of Jianggan District of Hangzhou City of Zhejiang Province as a result of Transferor's failure to fulfill his obligations pursuant to the Loans. After the hearings on September 10, 2019, and November 26, 2019, the court issued civil judgment (2019) Zhe 0104 Min Chu No. 3382, dated June 11, 2020, in favor of Petitioner (the "**Judgment**"). *See* Petitioner's Decl., ¶ 5, and Exhibit 1 thereto. It was ruled that:

    (a)   the Transferor shall perform his obligations specified in the Loans which the court found to be as follows:

        1.  Transferor shall repay RMB 39,000,000 Yuan in unpaid principal; and

        2.  Transferor shall repay interest accrued, as of March 6, 2019, on the unpaid principal in the amount of RMB 7,084,000 Yuan; and

        3.  Interest shall accrue on the unpaid principal from March 6, 2019 at the rate of 24% per annum;

(b)   Beijing Sparkle Investment Co., Ltd., as Guarantor, was jointly and severally liable for the above obligations of Transferor; and

(c)   Transferor and Guarantors shall repay Petitioner's costs and expenses in obtaining the Judgment, specifically RMB 279,662 Yuan.

*See* Exhibit 1 to Petitioner's Decl.

Petitioner has consequently discovered that Transferor and the Guarantors have engaged in a series of fraudulent transfers and other acts of obfuscation to the detriment of Petitioner that give rise to claims for avoidance of fraudulent transfers in the United Kingdom. One of those transfers involves the Aircraft, which is the subject of the intended Section 1782 discovery sought here.

Petitioner's investigation has revealed that Kei caused the transfer of a private aircraft (the "**Aircraft**"), which likely gives rise to additional claims for fraudulent transfer, in addition to supporting Petitioner's other reasonably contemplated claims in the UK Proceeding. Petitioner seeks financial records related to a fraudulent transfer of this aircraft from the financial institution that served as owner trustee for the airplane. Subsequently, the Aircraft appears to have been fraudulently transferred to an entity based in the Marshall Islands (the "**MI Transferee**"). *See* Wu Decl., ¶ 11. This transfer appears to have occurred in March 2019.

Despite the Judgment and his obligations pursuant to the Loans, Transferor has retained ultimate beneficial ownership over Sparkle Roll Media. Petitioner has not received a single repayment on the Loans, and with Kei having fled the PRC and disgorged

himself of any direct ownership in any PRC or Hong Kong entity, Transferor has retained the right to control various assets. *See* Wu Decl., ¶ 12.

Moreover, Petitioner does not yet know the full extent of Transferor's fraudulent transfers. Petitioner has retained counsel in the United Kingdom and has commenced the UK Proceeding. Further, Petitioner is still in the process of investigating the extent of Transferor's presence and dissipation in that jurisdiction. *See id.*, ¶¶ 2 – 4. Petitioner is seeking information from IATS under Section 1782 in aid of his pending and reasonably contemplated claims for fraudulent transfer, civil conspiracy, and other wrongdoing, to be brought in the UK Proceeding before the High Court of England and Wales. *Id.*, ¶¶ 7 and 8.

## B. The Parties From Whom Discovery is Sought

Petitioner seeks discovery from IATS. Based on records obtained by Petitioner, it appears that IATS was involved in the transfer of the Aircraft to Megastar Investments Ltd. from Sparkle Roll Group Limited in 2019. *See* Wu Decl. at ¶ 8; Exhibit 2. The buyer's representative in Exhibit 2 to the Wu Declaration is identified as using an email address associated with IATS. Accordingly, IATS is highly likely to possess documents relevant to that transaction.

Consequently, Petitioner now seeks discovery in the state of Oklahoma from IATS, in order to be able to further its claims against Transferor and any transferees in the ongoing litigation in the UK Proceeding, in addition to potentially unveiling new transferees and new jurisdictions. As set forth in the proposed subpoena submitted as Exhibit 3 to the Wu Decl., Petitioner seeks discovery from Respondent about the transfer of the Aircraft. These

records include documents related to the ownership, financing, and transfer of the Aircraft, and will likely contain information relevant to Petitioner's pending or reasonably contemplated claims in the UK Proceeding. *See* Wu Decl., ¶¶ 8 and 11; Exhibit 3.

## C. Jurisdiction and Intradistrict Venue

28 U.S.C. § 1782(a) confers jurisdiction. Venue in this Court is proper because all parties from whom discovery is sought either reside or can be found within the geographic area of the District of Oklahoma.

## III. ARGUMENT

Petitioner's Application for discovery under 28 U.S.C. § 1782 should be granted because Petitioner satisfies the three prerequisite statutory requirements as they are an interested party who seeks discovery for use in a proceeding in the High Court of England and Wales and that is from parties who can be found within the District. Moreover, the four discretionary factors for Section 1782, as articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 257 (2004), weigh heavily in favor of granting Petitioner's Application because the Respondents are not participants in the reasonably contemplated foreign proceeding, there is no evidence that the High Court of England and Wales would not be receptive to judicial assistance from United States courts here, this Application is not made in an effort to circumvent the foreign information gathering procedures of that court, and finally the discovery sought from Respondents is not unduly burdensome. Finally, the discovery sought through this Section 1782 petition is sought solely from an entity domiciled here in the United States, not from any party to the UK Proceeding.

## A. The Statutory Requirements For 1782 Discovery Are Met

28 U.S.C. § 1782(a) provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . the order may be made . . . upon application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . to the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

*See* 28 U.S.C. § 1782(a).

The plain language of Section 1782 imposes three requirements: (1) the applicant is an "interested person," (2) the discovery is "for use in a proceeding before a foreign or international tribunal," and (3) the discovery is sought from a person who "resides or is found" within the district of the court to which the application has been made. This Application squarely meets all three requirements.

### 1. Petitioner is an "interested" party.

Petitioner is an "interested" party for purposes of Section 1782 by virtue of the fact that it possesses an interest in obtaining judicial assistance to further its reasonably contemplated claims in the UK Proceeding. *See Intel*, 542 U.S. at 257 (turning to comments from Hans Smit, a leading academic commentator on Section 1782 who played a role in its drafting, to define "interested persons" expansively). Petitioner is entitled to

9

enforce Transferor and Guarantors' obligations under the Debt Transfer Agreement, the Loans, and the Judgment and is entitled to claw-back certain fraudulent transfers in order to satisfy those long-outstanding obligations. Petitioner will use the information discovered through the Application in the UK Proceeding against Transferor, his immediate family members, and any third-party transferee-defendants that may be identified and pursued. As was discussed at length above, the Petitioner seeks judicial assistance in obtaining evidence that is currently beyond their reach and the reach of the foreign tribunal in which they must lodge their claims. This potential evidence will aid Petitioner in further solidifying and expanding their claims pursuant to UK law under Section 423 of the Insolvency Act of 1986 for the claw-back of fraudulent transfers within the Proceeding and further develop additional claims for the claw-back of other fraudulent transfers.

As Petitioner has set about trying to satisfy Transferor and Guarantors' obligations under the Debt Transfer Agreement, the Loans, and the Judgment, Petitioner has been led down a path of global diffusion and obfuscation by Transferor of himself and his assets. Based on this, it is highly probable that Petitioner has only just begun to uncover the true extent of the obfuscation and diffusion. Consequently, the Petitioner must seek help from this Court to determine the extent of certain fraudulent transfers involving Transferor, Sparkle Group, and others, in order to further its known and as-yet unknown claims for claw-back of fraudulent transfers in the United Kingdom, particularly where, as here, the information sought is outside the jurisdiction of the UK Proceeding. Therefore, Petitioner is an interested person for the purposes of Section 1782.

Petitioner satisfies this factor under the standard set forth by the Supreme Court in *Intel*.

### 2. Petitioner Seeks Discovery For Use in Proceedings in a Foreign or International Tribunal.

Petitioner seeks materials for reasonably contemplated legal proceedings before a foreign tribunal in the UK Proceeding and, given the extent of the Transferor's dissipation of assets, those materials could lead to the establishment of additional proceedings. Consequently, Petitioner satisfies both elements of the "for-use" requirement articulated by courts within the Tenth Circuit. There is an existing or reasonably contemplated foreign proceeding, and the foreign proceeding is "adjudicative in nature." *See, e.g., In re Risenhoover*, 2012 U.S. Dist. LEXIS 162605, at *4 (noting the requirement under Section 1782 that a "dispositive ruling" by the foreign adjudicative body must be "within reasonable contemplation.") (citation omitted). These materials sought from IATS satisfy the requirement that they are being sought "for use" in a foreign tribunal, because the discovery sought will further support Petitioner's claims regarding fraudulent transfer, civil conspiracy, and other equitable claims. The discovery sought is also very likely to lead to additional defendants and additional claims against Transferor.

Here, the materials sought through this Application will be used as soon as possible to further the aforementioned claims against Transferor and other third parties as warranted in the United Kingdom. The UK Proceeding has already been initiated and remains ongoing, and Petitioner is likely to bring additional claims within that proceeding as identified above. *See In re Letter of Request from Crown Prosecution Service*, 870 F.2d

686, 692 (D.C. Cir. 1989) ("to guard against abuse of Section 1782, the district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time.")  Moreover, Petitioner has commenced the UK Proceeding and has been in close consultative discussions with UK counsel regarding the additional intended claims to be brought, *inter alia*, pursuant to UK law under Section 423 of the Insolvency Act of 1986.  Petitioner is positioned to commence claw-back proceedings and prove that Transferor has intentionally dissipated his and Sparkle Group's assets to evade, avoid, and frustrate satisfaction of Transferor and Sparkle Group's obligations by Petitioner. Petitioner's Decl., ¶¶ 1, 9 – 12; *see also* Wu Decl., ¶¶ 2, 10 - 12.  Therefore, Petitioner satisfies the first element of the "for-use" requirement.

Petitioner's reasonably contemplated claims for the avoidance of fraudulent transfers against the Transferor, his immediate family members, Sparkle Group, and other third-party transferees satisfy the second element of the "for-use" requirement, namely that the proceeding be "adjudicative in nature."  This is because the High Court of England and Wales will have to adjudicate issues of asset ownership, *in personam* and *in rem* jurisdictional issues related to Transferor's and any transferees' and assets' presence the jurisdiction, in addition to other issues raised by Petitioner's claims for claw-back of fraudulent transfers and civil conspiracy.  Moreover, all of the Proceedings will likely necessitate a hearing to be conducted where Transferor will be able to present arguments against Petitioner's claims.

Accordingly, Petitioner satisfies the second prong of the statutory requirements for Section 1782 discovery.

### 3. Petitioner Seeks Discovery from an Entity in This District.

Section 1782 authorizes a district court to order discovery against a person who "resides or is found" within that district. The entity IATS, from whom Petitioner seeks discovery, is presently conducting business or otherwise residing within the Western District of Oklahoma within the meaning of Section 1782. The Respondent resides, maintains places of business, or otherwise regularly conducts business within the Western District of Oklahoma for the purposes of 28 U.S.C. § 1782 jurisdiction. The principal place of business for IATS is in Oklahoma City. *See* Wu Decl., ¶ 7; *see also* Wu Decl., Exhibit 1.

Thus, Petitioner satisfies the third statutory prong, and therefore the Petitioner satisfies all of the statutory requirements for discovery under Section 1782.

### B. The Discretionary Factors For 1782 Discovery Are Met

It is well-established that even when the Court has authority to grant discovery under Section 1782, it must still exercise discretion in determining whether to grant that discovery. In the leading case on Section 1782, the Supreme Court held that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. *See also Salt Mobile S.A. v. Liberty Glob., Inc.*, No. 20-mc-00153-CMA, 2021 U.S. Dist. LEXIS 108701, at *3 (D. Colo. June 10, 2021) ("Whether to permit the requested discovery remains within the discretion of the court, even if all of the statutory requirements are met."). In this case, the discretionary factors all heavily weigh in favor of granting discovery.

In *Intel*, the Supreme Court provided four factors to guide the discretion of the lower courts in ruling on Section 1782 petitions. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions" or policies of a foreign country, and (4) whether the requests are unduly burdensome or intrusive (together, the "**Intel Factors**"). *Intel*, 542 U.S. at 264-65.

All of the Intel Factors are met here and therefore support granting the requested discovery.

### 1. Petitioner Seeks Discovery from an Entity that Will Not be a Participant in the UK Proceeding and is Outside the Jurisdictional Reach of the High Court of England and Wales.

Petitioner seeks discovery from IATS, a business entity that will not be party to the UK Proceeding and cannot be compelled to provide evidence in that case. The Supreme Court made clear in *Intel* that Section 1782 was an appropriate vehicle to obtain discovery from persons who are not parties in the foreign proceeding: "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*. The situation here is similar – Petitioner seeks discovery from a nonparticipant who likely has highly probative evidence available in this district and who is outside the jurisdictional reach of the court in the UK Proceeding.

As a resident of the United States and this judicial District in particular, or who can be otherwise found within the same, Respondent cannot as easily avoid the jurisdictional power of this Court. Therefore, the first discretionary factor favors granting the Petitioner's Application.

### 2. The High Court of England and Wales is Receptive to Assistance from U.S. Courts.

There is no evidence that the High Court of England and Wales would not be receptive to assistance from the U.S. federal court system. On the contrary, Petitioner is entitled to submit evidence to that Court, including evidence obtained via Section 1782 discovery. Courts within the Tenth Circuit have held that the burden of proving non-receptivity of the foreign tribunal should rest with the party opposing the application. *See Salt Mobile*, 2021 U.S. Dist. LEXIS 108701, at *9 ("[T]he burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting the denial of a particular application, should rest with the party opposing the application.") (citation omitted). At this stage, Petitioner has made a prima facie showing that the High Court of England and Wales would be receptive to assistance.

Other courts within the Tenth Circuit have authorized discovery for use in a proceeding in England or Wales. *See, e.g., In re Wilson*, Civil Action No. 06-cv-02575-MSK-KMT, 2011 U.S. Dist. LEXIS 90954, at *2 (D. Colo. Aug. 15, 2011) (noting that petitioner "commenced this action pursuant to 28 U.S.C. § 1782 for the sole purpose of obtaining discovery pertinent to judicial proceedings which are pending in England and New South Wales" and that "[t]his Court granted . . . the application."); *Interbrew Cent.*

15

*European Holding BV v. Molson Coors Brewing Co.*, Civil Action No. 13-cv-02096-MSK-KLM, 2013 U.S. Dist. LEXIS 147186, at *5 (D. Colo. Oct. 9, 2013) ("English courts historically have been receptive to federal-court assistance under section 1782.").

Moreover, in *Intel* the Supreme Court quoted, with favor, a matter before the House of Lords that held "nondiscoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United States under §1782." *Intel*, 542 U.S. at 262 (quoting *South Carolina Ins. Co. v Assurantie Maatschappij "De Zeven Provincien" N.V.*, [1987] 1 App. Cas. 24). Therefore, the second discretionary factor favors Petitioner's use of Section 1782 in this instance.

### 3. Seeking Discovery in this Manner is Not an Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies.

Submitting evidence obtained through Section 1782 discovery to the Court involved in the Proceeding will not circumvent or undermine any proof-gathering restrictions of that respective jurisdiction's laws or legal and judicial procedures. Indeed, if Section 1782 discovery unveils materials within this District that are relevant to the Proceeding, those materials likely would not have been discovered without the aid of Section 1782. Respondent IATS is well outside the jurisdiction of the UK Proceeding. As was discussed above in connection with the second discretionary factor, seeking the aid of Section 1782 discovery is an attempt by the Petitioner to bolster and support the foreign proof-gathering policies and procedures currently in place, not circumvent them. Therefore, the third discretionary factor also favors granting Section 1782 discovery here.

### 4. Petitioner's Discovery Requests are Reasonable and Not Unduly Intrusive or Burdensome.

The final discretionary factor, whether the requested discovery is reasonable and not unduly burdensome, also weighs in favor of granting Petitioner's Application. Petitioner seeks to serve a *duces tecum* subpoena on IATS regarding a particular transaction involving the Aircraft. The requested discovery is narrow in scope and not burdensome on IATS. The proposed subpoena seeks only documents, not testimony, from IATS. The discovery is aimed at providing more information regarding the Aircraft and its transfer from Sparkle Group. *See* Wu Decl., Exhibit 3 (proposed subpoena).

Importantly, the requests have been designed to be relevant and proportionate to the needs of the contemplated claims for claw-back of fraudulent transfers and civil conspiracy in the UK Proceeding. Additionally, the requests contained within the subpoenas are designed to aid Petitioner in the support of pending claims and the further development of intended claims in the UK Proceeding.

The Court should grant the subpoenas as drafted by Petitioner. It is well-established that a respondent may subsequently move to modify or quash a subpoena if they believe it to be overbroad, and given the narrow scope of the subpoena, it is unnecessary for the Court to seek to impose any further limits on the subpoena at this stage. *See, e.g., In re Pallares*, Civil Action No. 10-cv-02528-PAB, 2010 U.S. Dist. LEXIS 115240, at *4 (D. Colo. Oct. 20, 2010) ("To the extent the respondents disagree or seek modification of the requirements, such can be the subject of appropriate motions.").

17

Here, the discovery sought has been tailored to the specific needs of the case at hand as well as the currently contemplated causes of action so as not to be disproportionate or intrusive upon the Respondent.  The requested discovery should therefore be granted. Therefore, the fourth discretionary factor also favors granting the requested Section 1782 discovery here.

**C. Ex Parte Discovery is Key to Petitioner's Application**

28 U.S.C. § 1782(a) specifically authorizes a district court to prescribe, by court order, the practice and procedure for the taking of discovery pursuant to the statute.

Here, the Petitioner seeks an order directing the production of documents by IATS on an *ex parte* basis.  Premature notice of this Application or the Subpoenas may prompt the Transferor, his immediate family members, Guarantors, and Guarantor Parent to immediately take further and drastic affirmative steps to remove, transfer, dissipate, or otherwise divert assets and capital both known and as-yet unknown, away from and beyond the current jurisdictional reach of the Petitioner.

Therefore, in order to maintain Petitioner's available remedies within the United Kingdom and to prevent Transferor, his immediate family members, Guarantors, or Guarantor Parent from taking further and additional steps to frustrate satisfaction of their obligations under the Debt Transfer Agreement, the Loans, and the Judgment, the Petitioner requests that this Court execute an Order directing the production of documents pursuant to 28 U.S.C. § 1782(a) on an *ex parte* basis.

**IV. CONCLUSION**

The application meets both the statutory and discretionary factors for discovery

18

under 28 U.S.C. § 1782(a).  Accordingly, the Petitioner respectfully requests that the Court enter the attached proposed order authorizing issuance of the subpoena, submitted as Exhibit 3 to the Declaration of Rongping Wu, with the specific date and location to be filled in by the undersigned when the subpoena is served.

Dated: January 13, 2023

Respectfully, submitted,

Cooper T. Hahn, Esq.
Bar Number: OBA #32788
Mason J. Schwartz, Esq.
Bar Number: OBA #32864
Attorneys for Petitioner
Willams, Box, Forshee & Bullard, PC
522 Colcord Drive
Oklahoma City, OK 73102
T: 405-232-0080
chahn@wbfblaw.com
mschwartz@wbfblaw.com

RongPing Wu (pro hac vice pending)
New York State Bar Number: 4242673
Attorney for Petitioner
DGW Kramer LLP
One Rockefeller Plaza, Ste 1060
New York, NY 10020
(917) 633-6860
lwu@dgwllp.com

Katherine Burghardt Kramer (pro hac vice pending)
New York State Bar Number: 47176534
Attorney for Petitioner

DGW Kramer LLP
One Rockefeller Plaza, Ste 1060
New York, NY 10020
(917) 633-6860
kkramer@dgwllp.com

*Certificate of Service*

☑ I hereby certify that on   February 1, 2023   , I electronically transmitted the attached

document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records

currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those

registered participants of the ECF System.


☐ I hereby certify that on                      , I filed the attached document with the

Clerk of the Court and served the attached document by

on the following, who are not registered participants of the ECF System:


s/ Cooper T. Hahn

s/ Attorney Name